Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2009 FEB 17 PH 12: 47

CLERK OF COURT

IN THE MATTER OF THE ESTATE OF

CHARLES HENRI PARENT,

Deceased.

)
)
) PROBATE CASE NO. PR0157-07
)
)
) DECISION AND ORDER
)
)
)
)

This matter came before the Honorable Alberto C. Lamorena III on June 27, 2008 on Susan Carol Parent's Motion for Partial Summary Judgment . Attorney Georgette B. Concepcion appeared on behalf of Movant Susan C. Parent. Appearing on behalf of Petitioner Sowang Renguul was Attorney Anita P. Arriola. Attorney Daniel J. Berman appeared on behalf of Claimants Lorraine Parent, Laurent Parent, Mariette Parent, André Parent, and Francine Parent (hereinafter "Parent Siblings"). After hearing arguments and reading the parties' briefs, the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

Charles Henri Parent passed away on November 6, 2007. On November 29, 2007, Sowang Renguul (hereinafter "Petitioner") filed a Petition for Probate of Estate and Letters of Administration, alleging she was the co-habiting partner of the decedent for sixteen years. On January 14, 2008, the Parent Siblings filed a Notice of Claim of Inheritance. On February 26, 2008, Susan C. Parent (hereinafter "Movant") filed a Petition for Probate of Estate and Letters of Administration, alleging she was the daughter of the decedent.

Movant filed a Motion for Partial Summary Judgment on May 1, 2008, which Petitioner opposed on May 9, 2008. The Parent Siblings submitted their Opposition on May 12, 2008.

1

Movant submitted her Reply on June 20, 2008. The Court now addresses Movant's Motion for Partial Summary Judgment.

## DISCUSSION

Movant seeks the legal establishment of two issues in her brief: that she is the legitimate daughter and sole heir of the decedent, and that Guam law recognizes a parent-child relationship is established between legitimate, natural issue and their parents without any further proof.

## I.      Standard for Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l [Guam], Inc.,* 1997 Guam 10, at ¶ 7; *T.W. Elect. Serv., Inc. v. Pacific Elec. Contractors Ass'n.,* 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Corp. v. Kawasho Int'l [Guam], Inc.,* 2000 Guam 27, at ¶ 7.

Inferences must be drawn, and evidence must be viewed in the light most favorable to the nonmoving party, and the moving party carries the burden of showing the court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Corp. v. Kawasho Int'l [Guam], Inc.,* 2000 Guam 27, at ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong,* CVA97-007, page 3 (1997).

If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The nonmoving party may not merely rely on conclusory allegations contained in the pleadings, but must present some

2

significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## II.   Establishment of Paternity

Movant initially argues that under 19 GCA §4103, which provides that only the husband or wife, or the descendant of one or both of them, may dispute the presumption of legitimacy for children born in wedlock, Petitioner and the Parent Siblings lack the standing to dispute the presumption. While this Court may look to the laws governing marriage, custody and support for guidance on the proper procedure to determine paternity for purposes of inheritance, Movant's interpretation would create a massively high potential for fraud. 19 GCA §4103 functions well within the scope of divorce, child custody and support, where there is no need for an unrelated third party to dispute legitimacy. However, in probate cases, one of the parents is already presumably deceased, if not both, and third parties may have tangible interests in the factual determination of heirship. Petitioner is not specifically challenging the legitimacy of Movant, but rather paternity in its entirety. As this involves the establishment of different facts, §4103 is not applicable in this situation.

Whether Movant is the legitimate child of the decedent is an issue of material fact. Movant has met her initial burden of proof by supplying her birth certificate, her parents' marriage certificate, court documents, and other miscellaneous documents. Under *Kim*, supra, Petitioner must support its case with probative evidence that present a genuine issue for a trial of facts.

Petitioner has submitted a Declaration stating that decedent made statements during his lifetime that he had no children. Hearsay statements by the deceased are admissible evidence to rebut a claim of paternity. See *In re Strong's Estate*, 6 N.Y.S.2d 300, (N.Y.Sur.1938), *Stradling v. Printz*, 10 Ohio Law Abs. 134, (Ohio.App.2.Dist.Champaign.Co.,1931), *In re Yokom's Estate*,

325 Mich. 472, 38 N.W.2d 909 (Mich.1949). While such statements may not be clear and convincing proof, Movant has not requested a factual determination, but rather partial summary judgment. Under *Edwards Corp.*, supra, inferences must be drawn, and evidence must be viewed in the light most favorable to the nonmoving party.

Movant's claim that full faith and credit must be afforded to the Florida final decree of divorce between decedent and Louise M. Parent is a misinterpretation of the purpose of the full faith and credit clause. Mention of Movant in the final decree is not a judicial determination of paternity as if it had been an issue fully litigated by adverse parties.

The Court is also concerned about the hurried and recalcitrant nature of the exchange of discovery in this matter. Petitioner has not had much time since the entrance of Movant to attempt to gather facts to rebut Movant's claims. The Court would also note that a blood test would be a simple method to greatly aid the determination of paternity. Counsel for the Parent Siblings argued, and this Court agrees, that under Guam Rule of Civil Procedure 56(f), that enough of a factual dispute exists to justify the need for additional discovery, and that summary judgment on this issue is simply premature.

### III.    Establishment of Parent-Child Relationship

Movant also argues that if the Court determines Movant is the natural legitimate issue of decedent, that no further finding is necessary for the Court to find a parent-child relationship exists under 15 GCA §815 for purposes of the right of succession. Petitioner contends that under §815, mere legitimacy and paternity is not sufficient to establish a parent-child relationship, and Movant must provide evidence that the decedent acknowledged her as a child, raised and supported her, or can find other witnesses to vouch for the existence of a relationship between herself and decedent. For the reasons below, the Court holds that proof of paternity establishing an individual as natural, legitimate issue is sufficient to establish a parent-child relationship under Guam law.

It is necessary to review the development of Guam law regarding the establishment of parent-child relationships to discern why an exact definition is difficult to find. Title 15 GCA

4

§815 replaced §§255 and 256 of the Probate Code of Guam (1970) after a series of U.S. Supreme Court opinions in the 1970s abolished distinctions based upon illegitimacy as being violations of the equal protection clause of the Fourteenth Amendment. §815 was taken directly from §255 of the California Probate Code, with one exception: subsection (d)(2) of the California statute acknowledged the existence of parent-child relationships established pursuant to Part 7 of Division 4 of the California Civil Code. This is the Uniform Parentage Act, which California adopted, but Guam has not. In adapting the language for Guam, subsection (d)(2) was altered to read: "established pursuant to, the applicable Guam laws concerning the existence and establishment of a parent and child relationship." As §815 is the only statute in the Guam Code to directly discuss the definition of a parent-child relationship, the modified language is self-referential and useless. The modification eliminates the key reference the California statute makes, as the Uniform Parentage Act contains the definitions of what constitutes a parent-child relationship.[1]

California Probate Code §255 was repealed by Stats.1983, c.842 §19, and replaced with California Probate Code §6408, which made the definition even more explicit by providing in subsection (a)(1): "Except as provided in paragraph (3), the relationship of parent and child exists between a child and its natural parents, regardless of the marital status of the natural parents."

Guam law is clear on the preference for the finding of a parent-child relationship, as it requires a judicial determination to terminate its existence. In *Flores v. Cruz*, 1998 Guam 30, the Guam Supreme Court stated: "Likewise, the legislature's stated purpose in the series of statutes that address the Termination of the Parent-Child Relationship, provides in pertinent part

---

[1] California Family Code, Division 12, Part 3, Ch. 2 §7610. The parent and child relationship may be established as follows: (a) Between a child and the natural mother, it may be established by proof of her having given birth to the child, or under this part. (b) Between a child and the natural father, it may be established under this part. (c) Between a child and an adoptive parent, it may be established by proof of adoption.

'[i]mplicit in this Article is the philosophy that wherever possible family life should be strengthened and preserved and that the issue of severing the parent-child relationship is of such vital importance as to require a judicial determination....' 19 GCA § 4301 (1994)." It is doubtful that the Legislature, in replacing §§255 and 256 with §815, in order to more fully comply with the abolition of distinctions based upon illegitimacy, desired to reduce the rights of legitimate children.

Even if the Court agreed with the Petitioner and held that being the natural child of the decedent was insufficient, it is unclear what definition or standard would apply to the existence of a parent-child relationship. The *Atoigue* and *Roberto* Guam Superior Court decisions cited by Petitioner are not instructive as they involve illegitimate children attempting to overcome the presumption of existing birth records which did not have them listed as issue of the decedent. This, of course, would necessitate a great deal of factual evidence of a strong relationship.

The Court cannot find any law or cases in any other state or territory that would deny a parent-child relationship between a parent and his or her natural issue. See, e.g., *Family Property Law*, 3rd Ed., Waggoner et al., p. 46(2002), 67A C.J.S. §§1-2, Parent and Child (1978), 23 Am. Jur. 2d Descent and Distribution § 64. On Guam, the parent-child relationship may come about in a variety of ways, and includes the rights, privileges, duties and obligations existing between parent and child. As certain duties, such as child support, are part and parcel of the relationship between a parent and his or her natural issue without any further evidence of a bond between them, and given the legal preference for the parent-child relationship under Guam case law, it would be illogical to require anything more than paternity to establish the relationship for natural children under §815.

## CONCLUSION

Based on the above, this Court holds that a parent-child relationship exists between a father and his natural child by virtue of paternity without any further evidence to show a bond

between them. However, Movant's establishment of paternity is an issue of material fact that has been sufficiently disputed, and further discovery must occur prior to any fact finding on this issue. Therefore, Movant's Motion for Partial Summary Judgment is hereby DENIED.

FEB 1 7 2009

**IT IS SO ORDERED** this _____ day of February, 2009.



**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam

FEB 1 7 2009